# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARQUIS MARTIN, <br><br> Defendant. | Case No. 20-CR-153-JPS <br><br><br> **ORDER** |

On August 25, 2020, a grand jury returned an Indictment charging Defendant Marquis Martin ("Defendant") with one count of arson and one count of stalking. ECF No. 1. Defendant was indicted federally after several cases were filed against Defendant in Wisconsin state court.[1]

The last of the Wisconsin State Cases was filed on August 14, 2020, and Defendant was detained pending trial in that matter. *See generally* Milwaukee County Circuit Court Case No. 2020CF002858. On September 10, 2020, Magistrate Judge Stephen C. Dries ordered Defendant detained pending trial in the federal matter. ECF No. 10. The PSR later stated that

---

[1]*See* Milwaukee County Circuit Court Case Nos. 2019CM003051 (criminal property damage and disorderly conduct charges with a domestic abuse modifier), 2019CM003660 (bail jumping, disorderly conduct, and battery charges with a domestic abuse modifier), 2020CM000362 (bail jumping charges with a domestic abuse modifier and a charge of knowingly violating a domestic abuse-related temporary restraining order), 2020CM001320 (bail jumping charges with a domestic abuse modifier), 2020CF002858 (bail jumping charge with a domestic abuse modifier and escape from custody charge), *all available at* https://wcca.wicourts.gov (last visited Aug. 23, 2023) (collectively, the "Wisconsin State Cases"). The Pre-Sentence Report ("PSR") listed two additional state cases brought against Defendant, the records of which are not available online through the Wisconsin Circuit Court Access program. *See* ECF No. 15 at 18–19 (citing Milwaukee County Case Nos. 20CF2476 and 20CF2528).

Defendant was "held in state custody since August 14, 2020." ECF No. 15 at 1. On March 16, 2021, this Court sentenced Defendant to a term of imprisonment of sixty months after Defendant pleaded guilty to the arson count. ECF No. 19. Defendant was sentenced in the Wisconsin State Cases on March 24, 2021 to a term of imprisonment "concurrent to any other sentence." *See, e.g.*, Milwaukee County Circuit Court Case No. 2020CF002858 (docket entry dated Mar. 24, 2021).

On July 17, 2023, Defendant filed a motion for a reduction or modification of his federal sentence "pursuant to 18 U.S.C. §3582(c)(2)." ECF No. 27. As the Court understands it, Defendant's motion argues that he is entitled to credit on his federal sentence for time he spent in state custody while his federal prosecution was pending. *Id.* at 4; *see also id.* at 2 ("[M]y time for the federal sentence should have begun in August of 2020, at the time of my arrest, by federal authorities, in relation to the federal charges."). The Court ordered the Government to confer with the United States Probation Office for the Eastern District of Wisconsin ("Probation") and to file a response to Defendant's motion, ECF No. 28; the Government did so and filed a response on August 18, 2023. ECF No. 29.

The Court will deny Defendant's motion for the reasons which follow.[2] As a preliminary matter, 18 U.S.C. § 3852(c)(2)—the statute that

---

[2]Defendant did not sign his motion. ECF No. 27 at 8. "Every . . . written motion . . . must be signed by . . . a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to . . . the party's attention." *Id.*; *see also Marcure v. Lynn*, 992 F.3d 625, 630 (7th Cir. 2021) (upholding district court's decision to strike an unsigned pro se filing). Defendant did not correct the omission, but the Court neglected to call this issue to Defendant's attention earlier in the case. Because Defendant's motion is, in any event, not properly before the Court and therefore his failure to sign the pleading is essentially immaterial, the

Defendant argues authorizes his motion—does not apply here. This statute authorizes modification of a sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3852(c)(2). In what strikes the Court as a completely distinct argument from his state-credit argument, Defendant states that he "relies on the recent changes or Amendments" to some portions of the United States Sentencing Guidelines ("USSG"), including amendments to adjustments applicable in the cases of "Certain Zero-Point Offenders," and that he satisfies the criteria for being a so-called "Zero-Point Offender[]." ECF No. 27 at 7.

There is a USSG amendment pending Congressional approval that may make certain adjustments available at sentencing for zero-point offenders. 88 Fed. Reg. 28254 (May 3, 2023). It is unclear whether that amendment will apply retroactively. *Id.* (inviting public comment on whether the amendment should apply retroactively). But at this juncture, the amendments are not yet effective, so the Court is not bound to apply them, or to consider whether to apply them, in Defendant's case.

Getting to the substance of Defendant's motion, the Court agrees with the Government that such a motion "is not the proper mechanism . . . to challenge the amount of sentencing credit he ultimately received from the Bureau of Prisons [("BOP")]." ECF No. 29 at 1. Defendant points out that he is "entitled to a sentencing credit for time spent in 'official [d]etention' prior to commencement of the term of imprisonment." ECF No.

---

Court will not strike the filing. Defendant is reminded that any future filings must bear his signature. Fed. R. Civ. P. 11(a).

27 at 4 (citing 18 U.S.C. § 3585). Indeed, "[a] defendant shall be given credit toward the service of a [federal] term of imprisonment for any time he has spent in official detention prior to the date the [federal] sentence commences" either "as a result of the offense for which the sentence was imposed" or "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b).

However, "§ 3585(b) does not authorize a district court to compute the credit at sentencing." *United States v. Wilson*, 503 U.S. 329, 334 (1992). Rather, "the Attorney General, acting through the BOP, must compute the credit for time served under § 3585(b)." *United States v. Walker*, 917 F.3d 989, 993 (7th Cir. 2019) (citing *Wilson*, 503 U.S. at 334). Defendant cites Justice Stevens's dissent in *Wilson*, the Court's "plenary power," and "the factual circumstances here in this matter" as support for his argument that "the district court does have the authority to award credit 'at sentencing.'" ECF No. 27 at 6–7 (also arguing that the Court made an "obvious[] . . . oversight" or that the BOP made an "error" when calculating his sentence). But none of these legal concepts, factual circumstances, or arguments authorize the Court to depart from the rule enunciated by the *Wilson* majority. Therefore, the Court cannot at this time entertain Defendant's request.

What Defendant can do is "seek relief through the BOP's administrative procedures." *Walker*, 917 F.3d at 994 (citing *Jake v. Herschberger*, 173 F.3d 1059, 1063 (7th Cir. 1999)). "Once he has exhausted his administrative remedies, he then may challenge the BOP's determination by filing a petition under 28 U.S.C. § 2241 for habeas relief in the district where he is incarcerated." *Id.* (citing *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992)).

Accordingly,

**IT IS ORDERED** that Defendant Marquis Martin's motion to reduce or modify his sentence, ECF No. 27, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 25th day of August, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge